# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

No. 22-7140

September Term, 2023

FILED ON: NOVEMBER 3, 2023

JOHN XEREAS,
              APPELLANT

v.

MARJORIE HEISS, ET AL.,
              APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cv-00456)

---

Before: SRINIVASAN, *Chief Judge*, WALKER, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order granting summary judgment be **AFFIRMED**.

John Xereas, Marjorie Heiss, and Geoffrey Dawson formed a member-managed LLC to open a comedy club. The relationship quickly soured, and Heiss and Dawson removed Xereas from the LLC. Xereas then sued Heiss and Dawson, claiming, among other things, breach of contract and breach of fiduciary duty.

The district court allowed Xereas's breach of contract claim to proceed to trial, where he was awarded damages. But the court dismissed Xereas's breach of fiduciary duty claim, concluding that Xereas had not provided evidence that Heiss and Dawson owed him a fiduciary duty. Xereas appealed. We held that a fiduciary duty existed between the parties, reversed the grant of summary judgment on the breach of fiduciary duty claim, and remanded that claim for further proceedings. *Xereas v. Heiss*, 987 F.3d 1124, 1130–35 (D.C. Cir. 2021).

On remand, the district court again granted summary judgment to Heiss and Dawson. *Xereas v. Heiss*, 630 F. Supp. 3d 61 (D.D.C. 2022). The court relied on three independent grounds. First, the court reasoned that Xereas's breach of fiduciary duty claim was coextensive with his breach of contract claim and that he should be barred from recovering double damages. *Id.* at 67–68. Second, the court held that Xereas had failed to provide evidence that Heiss and Dawson breached their fiduciary duty. *Id.* at 68–69. And third, the court determined that Xereas had failed to provide evidence that Heiss's and Dawson's conduct proximately caused Xereas's alleged injuries. *Id.* at 69–70.

In this appeal, Xereas contends that the district court erred on all three grounds. Viewing the evidence in the light most favorable to Xereas as the nonmoving party and drawing all reasonable inferences in his favor, *Thompson v. Dist. of Columbia*, 832 F.3d 339, 344 (D.C. Cir. 2016), we affirm the district court's grant of summary judgment against him. Xereas did not introduce evidence demonstrating that Heiss's and Dawson's conduct was a proximate cause of his alleged damages. Because that conclusion independently sustains the district court's grant of summary judgment against Xereas, we have no occasion to address the district court's other grounds.

Xereas's only evidence supporting proximate cause is the report and trial testimony of James Morrissey, a forensic accountant. Morrissey opined that the LLC had $5,923,646 of improperly recorded payments and expenses. Xereas insists that a jury could infer that those accounting discrepancies were caused by Heiss's and Dawson's self-dealing. Because Xereas retains a 26.67% ownership interest in the LLC, he claims that Morrissey's report demonstrates that Heiss and Dawson owe him $1,579,836 in damages.

Morrissey's report and testimony, however, do not provide sufficient evidence to create a genuine dispute of material fact as to proximate causation. Indeed, Morrissey did not offer an opinion on what caused the accounting discrepancies, whether Heiss and Dawson had acted improperly, or how liability should be allocated. Morrissey instead assumed the existence of liability and expressly confined his report to estimating Xereas's damages. Xereas cannot establish that Heiss and Dawson engaged in misconduct proximately causing his alleged damages based on evidence showing only inadequate recordkeeping. Because Xereas did not provide any further evidence supporting proximate causation, we affirm the district court's grant of summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

3

**Per Curiam**

            **FOR THE COURT:**
            Mark J. Langer, Clerk

BY:   /s/
       Daniel J. Reidy
       Deputy Clerk